FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 30 2009

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) ) COMPLETE VACUUM AND RENTAL, INC. ) ) Defendant. ) ) | 1-09-CV-0049 SWW<br>CIVIL ACTION NO<br><br>COMPLAINT<br><br>This case assigned to District Judge Wright<br>and to Magistrate Judge _____<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Gary Brewer and other Black employees who were adversely affected by such practices. As alleged with greater particularity in paragraphs 8 through 10 below, the Equal Employment Opportunity Commission alleges that Defendant Complete Vacuum and Rental, Inc. subjected Gary Brewer and a class of other Black employees to racial harassment and unfair work assignments because of their race, and suspended and discharged Gary Brewer because of his race and in retaliation for his complaints of racial harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This is an action authorized and instituted pursuant to §706(f)(1) and (3) and §706 and §707 of Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C. §2000e, et seq. ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Arkansas, Northern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by §706(f)(1) and (3) and §707 of Title VII, 42 U.S.C. §2000-5(f).

4. At all relevant times, Complete Vacuum and Rental, Inc. ("Defendant Employer"), was a foreign corporation doing business in the State of Arkansas and the City of Quitman and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of §701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit Gary Brewer filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least February of 2008 and continuing, Defendant Employer has engaged in unlawful employment practices at its facility in Quitman, Arkansas, in violation of §703(a) of Title VII, as amended, 42 U.S.C. §2000e-2(a).

8. The unlawful employment practices include subjecting Gary Brewer and another Black employee to racial harassment and unfair work assignments because of their race (Black), and suspending and discharging Mr. Brewer because of his race.

    a. Mr. Brewer who is Black, was hired by Defendant Employer as a driver at Defendant's facility in Quitman, Arkansas on or about February 24, 2008.

    b. The dispatcher and operations manager routinely made racist jokes and derogatory racist comments about African Americans.

    c. The work "nigger" was used in Defendant's workplace in the presence of Mr. Brewer.

    d. The racist comments in Defendant's workplace were severe and pervasive in nature.

    e. Mr. Brewer and a class member found these racist comments to be unwelcome and offensive.

    f. Mr. Brewer complained to management officials about the racially derogatory jokes and remarks.

    g. At least one management official was present when a racist joke was told in the workplace.

    h. During Mr. Brewer's employment, Defendant was on notice of racist comments in the workplace.

   i. Defendant failed to take prompt corrective action to remedy the racial harassment in its workplace.

   j. Mr. Brewer and a class member both allege that they received fewer work assignments because of their race (Black) than White drivers who worked for Defendant.

   k. After Mr. Brewer lodged complaints about racist comments and racist jokes to management, Mr. Brewer's assignments were further reduced by Defendant.

   l. Mr. Brewer was suspended from his job by Defendant because of his race.

   m. Mr. Brewer was terminated from his job because of his race.

9. The Commission alleges that Gary Brewer was subjected to retaliation for engaging in conduct that is protected by Title VII of the Civil Rights Act of 1964, as amended.

   a. Mr. Brewer complained to Defendant's management about racist comments in the workplace.

   b. Mr. Brewer complained to Defendant's management about not getting good loads and therefore making less money because of his race.

   c. Mr. Brewer informed Defendant's management that he intended to consult with an attorney regarding discrimination in the workplace.

   d. As a result of engaging in protected conduct by complaining about race discrimination, Mr. Brewer's workload was reduced.

  e. In addition, after Mr. Brewer engaged in protected conduct by complaining about race discrimination, Defendant suspended him from his job.

  f. Further, as a result of engaging in protected conduct by complaining about race discrimination, Defendant terminated Mr. Brewer's employment.

 10. Since at least April of 2008, Defendant Employer has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed.

  a. Defendant did not retain work schedules and work assignment records for the time period that Mr. Brewer was employed with Defendant.

 11. The effect of the practices complained of above in Paragraphs 8 through 10 has been to deprive Gary Brewer and at least one other Black employee of equal employment opportunities and otherwise adversely affect their status as employees because of their race.

 12. The unlawful employment practices complained of in Paragraphs 8 through 10 were and are intentional.

 13. The unlawful employment practices complained of in Paragraphs 8 though 10 above were done with malice or with reckless indifference to the federally protected rights of Gary Brewer and at least one other Black employee.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully prays that this Court:

A. Grant a permanent injunction enjoining the Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race or subjects employees to retaliation for complaining about discrimination.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities to Black employees and protect employees who complain about discrimination in the workplace and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Gary Brewer and other Black employees by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, reinstatement, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Gary Brewer and other Black employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 8 through 10 above, including relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial.

E. Order Defendant to make whole Gary Brewer and other Black employees by providing compensation for past and future nonpecuniary losses, including emotional pain, suffering, inconvenience, humiliation, and mental anguish resulting from the unlawful employment practices described in paragraphs 8 through 10 above in amounts to be determined at trial.

F.   Order Defendant Employer to pay punitive damages for its malicious and/or reckless conduct resulting from the unlawful employment practices described in paragraphs 8 through 10 above, in an amount to be determined at trial.

G.   Order Defendant Employer to make and preserve all records, in accordance with the provisions of Section 709(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed.

H.   Grant such further relief as the Court deems necessary and proper in the public interest.

I.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

*F. Williams / by WA*
**FAYE A. WILLIAMS**
Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
1407 Union Avenue, Suite 901
Memphis, TN 38104
Telephone: (901) 544-0088

_____
**WILLIAM A. CASH, JR.**
Supervisory Trial Attorney
AR #88081

_____
**PAMELA B. DIXON**
Senior Trial Attorney
AR #95085


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Little Rock Area Office
820 Louisiana St., Ste. 200
Little Rock, Arkansas 72201
Telephone:   (501) 324-5539
             (501) 324-5065

william.cash@eeoc.gov
pamela.dixon@eeoc.gov