IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 08 2010

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) PLAINTIFF, ) ) v. ) ) COMPLETE VACUUM AND RENTAL, INC., ) ) DEFENDANT. ) | CIVIL ACTION NO. 1:09-cv-00049 SWW |

## CONSENT DECREE

Plaintiff, Equal Employment Opportunity Commission (hereinafter the "Commission"), has instituted this action on behalf of Gary Brewer and other Black employees alleging that Defendant Complete Vacuum and Rental, Inc., (hereinafter the "Defendant"), subjected them to racial harassment and disparate work assignments because of race, Black. The Commission further alleges that Mr. Brewer was suspended and discharged by Defendant in retaliation for complaining about race discrimination. Defendant's action violated Title VII of the Civil Rights Act of 1964 ("Title VII") and the Civil Rights Act of 1991. Defendant denies that it engaged in any unlawful employment practices as alleged by the Commission or that it otherwise violated Title VII.

In the event this proposed Consent Decree is not approved or does not become final, then it shall not be admissible in evidence in any subsequent proceeding in this action. Further, this Consent Decree shall not be admissible in any other action now pending or which may be filed in the future, except as to enforcement proceedings.

This Consent Decree constitutes the complete and exclusive agreement between the parties with respect to the matters referred to herein. No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing and signed by both parties. No representations or inducements to compromise this action have been made, other than those recited or referenced in this Consent Decree.

The Court has reviewed the terms of the proposed Consent Decree in light of the applicable laws and regulations and the statements and representations of counsel for all parties, and hereby approves the Consent Decree.

## I.     JURISDICTION

The United States District Court for the Eastern District of Arkansas, Batesville Division, has jurisdiction over the parties and subject matter of this litigation.

## II.    SCOPE AND DURATION OF DECREE

1.     By entering into this Consent Decree, the parties do not intend to resolve any charge of discrimination currently pending before the Commission other than Charge No. 493-2009-00215, filed by Gary Brewer, that created the procedural foundation for the complaint in this case.

2.     The terms of this Decree shall be in effect for five years from the date of entry, which shall be considered the Effective Date of this Decree.

## III.   INJUNCTIVE RELIEF

3.     Defendants, their officers, agents, management, (including supervisory employees), successors and assigns, are enjoined from harassing employees because of race, Black, from subjecting them to disparate working assignments because of race, Black.

4.      Defendants, their officers, agents, management, (including supervisory employees), successors and assigns, are enjoined from suspending and terminating the employment of an employee in retaliation for reporting complaints of race discrimination, for participating in any proceeding under Title VII or for otherwise opposing discriminatory practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended.

## IV.   GENERAL RELIEF AND TRAINING

5.      Within thirty (30) days of entry of this Decree, Defendant shall institute mandatory training on its written policy prohibiting racial discrimination. Defendant shall disseminate the policy to all employees and post it at each location from which Defendant conducts business. The policy shall include a statement that Defendant does not discriminate against employees because of race and does not tolerate or condone racial harassment in its workplaces.

6.      Defendant shall require each employee to read the company's non-discrimination policy and to sign an acknowledgment of receipt of the non-discrimination policy. A copy of the signed acknowledgement shall be retained in the employee's permanent personnel file. Thereafter, whenever a new employee is hired, Defendant shall be required to follow this procedure of reading, signing and retaining an acknowledgement of the company's non-discrimination policy. In the event of a learning or language barrier, it shall be Defendant's responsibility to secure a qualified interpreter for purposes of communicating the policy to the employee.

7.      Defendant shall retain a qualified consultant having specialized knowledge of employment discrimination law to conduct two hours of race discrimination training to all supervisory and management personnel employed by Defendant. This training shall be

mandatory for all management-level employees, including but not limited to facility managers, and shall be conducted within 90 days of the Effective Date.

8. Training topics presented by the consultant shall include, at a minimum:

(i) Title VII's prohibition of race discrimination and retaliation with respect to any term, condition or privilege of employment;

(ii) Defendant's policies and procedures for the prevention of race discrimination and racial harassment; and

(iii) Defendant's procedures for reporting, investigating and remedying race discrimination or retaliation complaints in the workplace.

9. Within 120 days of the Effective Date of this Consent Decree, Defendant shall provide the Commission with copies of training materials and related documentation showing that all training requirements for supervisory and management personnel have been satisfied. The aforementioned documentation shall include the names and positions of individuals attending the training and a signed roster to verify attendance.

10. All reporting to the Commission required by this section shall be made to Markeisha Savage, Trial Attorney; Equal Employment Opportunity Commission; 820 Louisiana St., Suite 200, Little Rock, Arkansas, 72201.

11. Defendants shall maintain in its Human Resources Department a record of each person trained pursuant to paragraph 7.

## V. INDIVIDUAL RELIEF

12. Defendant agrees to pay a total of $75,000.00 to resolve this lawsuit.

13. Defendants will pay to Gary Brewer $65,000.00 within seven days of the Effective Date of this Decree as follows:

a. $32,500.00 designated as back pay plus interest and paid in one check representing wages which Mr. Brewer should have been paid had he been allowed to continue working; and

b. $32,500.00 designated in a second check as non-pecuniary damages arising from allegations made in his claim of discrimination and this lawsuit.

14. Defendant will forward the checks to Mr. Gary B. Brewer, 10001 McNutt Rd.., Lot 301, Conway, Arkansas 72034.

15. Defendant will issue a W-2 form to Mr. Brewer for the amount in subparagraph a, above,

16. Defendant will issue a 1099 form to Mr. Brewer for the amount in subparagraph b, above, and shall designate that the amount was issued as damages.

17. Defendant will be responsible for all State and Federal withholding, as applicable, for the amount designated as back pay.

18. Defendant will pay to Eric Jordan $10,000.00 within seven days of the Effective Date of this Decree as non-pecuniary damages arising from allegations made in this lawsuit.

a. Defendant will forward the check to Eric Jordan, 540 Sturis Rd., Conway, Arkansas 72032.

b. Defendant will issue a 1099 form to Mr. Jordan, and shall designate that the amount was issued as damages.

19. Photocopies of the front and back of the checks issued to Mr. Brewer and Mr. Jordan will be mailed to the attention of Markeisha Savage, Trial Attorney; Equal Employment Opportunity Commission, 820 Louisiana, Little Rock, Arkansas, 72201.

## VI. POSTING AND POLICIES

20. Within 30 days of the Effective Date of this Consent Decree, Defendant will post Appendix A and keep it posted for five years, in a conspicuous place upon its premises at Carthage, Texas, where notices to employees are customarily posted.

21. Defendant will post and cause to remain displayed the poster required by Section 711 of Title VII, 42 U.S.C. § 2000e-10(a).

22. Defendant will also post and keep posted in a location where notices to employees are customarily posted a copy of its policy and procedures for reporting or preventing discrimination in the workplace.

## VII. SEMI-ANNUAL REPORTING

23. Defendants shall periodically submit to the Commission reports identifying:

a) any complaint of race discrimination or racial misconduct made to Defendant;

b) the name of the employee making the complaint and the name of the alleged discriminator,

c) actions taken by Defendant to investigate the complaint;

d) the dates Defendant began its investigation and completed its investigation; and

e) any action taken by Defendant to correct or prevent further discriminatory conduct, where applicable.

24. The first report shall be submitted six months after the Effective Date. Successive reports shall be submitted every six months thereafter for a period of five years. These reports shall be sent to Trial Attorney Markeisha Savage, at counsel's address, with a statement identifying such report as being submitted pursuant to this Decree.

## VIII. NEUTRAL REFERENCE

25.  Defendant shall provide neutral job references upon request to any future employer of Gary Brewer. Any such neutral reference shall be substantially identical to the form attached as Appendix B. No mention of Mr. Brewer's charge of discrimination or this lawsuit shall be made as part of the neutral reference.

## IX. NOTIFICATION OF SUCCESSORS

26.  Defendant shall provide prior written notice to any potential purchaser of Defendant's business, a purchaser of all or a portion of defendant's assets, or to any other potential successor of the Commission's lawsuit, the allegations raised in the Commission's complaint, and the existence and contents of the Decree.

## X. ENFORCEMENT

27.  If Defendant fails to comply with the terms of this Decree, in whole or in part, the Commission has a right to enforce the obligations under the Decree. The Commission will provide ten days notice to Defendant of any deficiency in complying with the terms of the Decree. If the parties are unable to reach agreement regarding resolution of any such deficiency in Defendant's compliance with the terms of the Decree, the Commission will then have the option of petitioning the Court for relief.

## XI. COSTS

28.  Each party will bear that party's own costs, attorneys' fees, and expenses.

_____
SUSAN WEBBER WRIGHT
UNITED STATES DISTRICT JUDGE

DATE: _11-8-10_

| FOR DEFENDANTS: | FOR THE COMMISSION: |
|---|---|
| | P. DAVID LOPEZ<br>General Counsel |
| | JAMES L. LEE<br>Deputy General Counsel |
| */s/ M. McC/* | GWENDOLYN YOUNG REAMS<br>Associate General Counsel |
| MELANIE J. MCCLURE<br>Cox, Sterling & McClure, PLLC<br>8712 Counts Massie Blvd.<br>North Little Rock, Arkansas | |
| */s/ Eric Wolfgang/* | */s/ Faye A. Williams by cal/*<br>FAYE A. WILLIAMS, TN #011730<br>Regional Attorney |
| ERIC E. WOLFGANG<br>White & Co.<br>901 Main Street, Suite 4100<br>Dallas, Texas 75202 | */s/ Celia Liner/*<br>CELIA S. LINER, AR #90183<br>Supervisory Trial Attorney |
| | EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>1407 Union Avenue, Suite 901<br>Memphis, Tennessee 38104<br>celia.liner@eeeoc.gov |
| | */s/ Markeisha Savage/*<br>MARKEISHA SAVAGE, TN #24693<br>Trial Attorney |
| | EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>820 Louisiana Street, Suite 200<br>Little Rock, AR 72201<br>markeisha.savage@eeoc.gov |

## APPENDIX A

## <u>NOTICE</u>

1. This Notice is being posted as part of a settlement with the EEOC. Complete Vacuum and Rental, Inc. has agreed to settle a case filed in the U.S. District Court for the Eastern District of Arkansas, Batesville Division.

2. According to the terms of Decree, Complete Vacuum will not subject employees to race discrimination in any manner and will not discharge employees in retaliation for complaining about alleged discrimination.

3. This notice will be posted for five years to reinforce the company's policies concerning discrimination.

4. Federal law prohibits discrimination in the workplace because of an individual's race, gender, age, National Origin, religion, or disability. Discrimination includes verbal or physical harassment because of the employee's race, gender, age, national origin, religious affiliation, or disability.

5. Complete Vacuum and Rental, Inc. will support and comply with such Federal law in all respects and will not take any action against employees because they have exercised their rights under the law by filing charges with the Equal Employment Opportunity Commission and/or testifying, assisting, or participating in any manner in any investigation, proceeding, or hearing under Title VII of the Civil Rights Act of 1964, as amended.

**<u>THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE</u>**

This Notice must remain posted for five years from the date below and must not be altered, defaced or covered by any other material.

**SIGNED this ____ day of _____, 2010.**


_____
**Complete Vacuum and Rental, Inc.**

## APPENDIX B

## NEUTRAL REFERENCE

Dear _____,


This letter is in reference to your request for information regarding the employment of Gary B. Brewer.

Mr. Brewer served as a driver for Complete Vacuum and Rental, Inc. in Quitman, Arkansas from February 24, 2008 to October 20, 2008. Company policy does not permit us to give out any more information concerning Mr. Brewer's employment.

I am sure Mr. Brewer can provide you with the details concerning his duties at Complete Vacuum and Rental, Inc. I hope this information is helpful and that it satisfactorily answers your inquiry.


Very truly yours,


_____
For Complete Vacuum and Rental, Inc.